**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1216.]**

**IN RE DISQUALIFICATION OF KNEPPER ET AL.**

**MURPHY ET AL. *v*. HIRSCH ET AL.**

**[Cite as *In re Disqualification of Knepper*, 1999-Ohio-12.]**

*Judges—Affidavit of disqualification—Mere fact that judge participated in the review of a prior, related appeal does not mandate that judge be disqualified from pending appeal.*

(No. 99-AP-109—Decided December 7, 1999.)

ON AFFIDAVIT OF DISQUALIFICATION in Lucas County Court of Appeals case No. L-99-1086.

_____

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by appellants James E. Murphy and Joni Hertzfeld seeks the disqualification of Judge Richard W. Knepper and Judge Peter M. Handwork from further proceedings regarding the above-captioned case. The pending appeal is taken in a legal malpractice action that arose from a civil case previously reviewed by the court of appeals.

{¶ 2} Affiant claims that Judge Handwork should be disqualified from the pending appeal because he participated in the panel that reviewed the appeal from the civil action that gave rise to the legal malpractice claim. The mere fact that a judge participated in the review of a prior, related appeal does not mandate that judge's disqualification from a pending appeal.

{¶ 3} With regard to affiant's additional claims against Judge Knepper, the record does not support a finding that Judge Knepper recused himself as a trial judge from the prior civil action because he knew the family of one of the parties. Moreover, the mere fact that Judge Knepper may have questioned affiant's counsel

regarding the scope of his argument in the prior case does not establish grounds for disqualification.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and denied.

—————————————